## AVENT v. READ.

1. A conveyance of lands, though not duly registered, if made *bona fide*, and for valuable and sufficient consideration, is good against creditors.
2. Such deed is also good against a purchaser at sheriff's sale, who has notice.

THIS was an action of *trespass to try titles*, brought in 1822, by John Read, in Madison Circuit Court, against Henry Avent, to recover possession of a quarter section of land, and damages for the detention of it. The cause was tried at the October term, 1827, of the Court, on the plea of not guilty. It appeared in evidence, that in March, 1820, one Gray had obtained a judgment against Avent; the land in dispute was levied on by the Sheriff on an execution under this judgment, in March, and sold in September, in the same year, as Avent's property, when Read became the purchaser. The defendant proved and read in evidence a deed executed by himself to one James Gaston, on the 20th of February, 1820, for the same land; which was recorded on the 28th of August following, more than six months after its date. This deed was made during the pendency of the suit against Avent. At the time of the sheriff's sale, Gaston gave notice that the land had been sold to him by the defendant, and that he was the owner of it. The Court, on this proof, instructed the jury that the failure of Gaston to prove and record his deed within the time prescribed by law, rendered it void and fraudulent as against Read, the purchaser at the sheriff's sale, although the consideration of the deed might have been *bona fide* paid; and though it might have been executed in good faith. To which the defendant excepted. The jury

found for the plaintiff the land, and $5 damages.    The

instructions given by the Court to the jury, are here as-
signed for error by Avent.

Avent
v.
Read.

CLAY & McCLUNG, for the plaintiff in error.

HOPKINS, for the defendant.

By JUDGE COLLIER.   The material inquiry, is,
whether the registration of a deed conveying lands, be ne-
cessary to give to it validity against the creditors of the
vendor.    The negative of this inquiry is attempted to be
sustained, by a reference to the second member of the se-
cond section of the statute of frauds, [a] so much of which as
it is important to notice, is in these words: " And moreo-
ver, if any conveyance be of goods and chattels, and be
not on consideration deemed valuable in the law, it shall be
taken to be fraudulent within this act, unless the same be
by will duly proved and recorded, or by deed in writing,
acknowledged or proved.  If the same deed include lands,
also, in such manner as conveyances of lands are by law
directed to be acknowledged or proved; or if it be of
goods and chattels only, then acknowledged or proved by
one or more witnesses in the Superior or County Court,
wherein one of the parties lives; within twelve months af-
ter the execution thereof."   This provision of the act, it
is conceived, can have no influence upon the question; it
is expressly restricted to deeds which are made without a
valuable consideration; and in such cases only to those
conveying goods and chattels, or goods and chattels and
lands, and not to those which convey lands alone.   Did
this construction admit of a doubt, that doubt would be
entirely removed by the third section of the same statute,
which declares that it shall not extend to any estate in
lands, which shall be upon good consideration, *bona fide*,
lawfully conveyed.

The act of 1811, [b] only restrains the operation of deeds
of land, for a failure to have them registered, against sub-
sequent and *bona fide* purchasers, and mortgagees without
notice, without saying any thing of creditors.    In fact, in
the multiplicity of legislation upon this subject, anterior
to the date of the deed in question, registration by the
vendee seems not to have been made necessary to give title
as against the vendor's creditors.    We are therefore of
opinion that the creditor derives no advantage from the

[a] Laws of Ala. 244.

[b] Laws of Ala. 245.

62

JANUARY 1830. ōmission of the vendee of his debtor to register such a
deed.    We may consider the defendant as standing in the
Avent        situation of Gray, the judgment creditor, or as a purchaser
v.         from the time he became such; and in either point of view
Read.       the charge of the Court was erroneous.    It should have
been left to the jury to determine from the proof offered,
whether the defendant, at the time of his purchase, had no-
tice of the existence of the deed.    Their inquiry on this
point was foreclosed by the instruction given.    If the
proof professed to be set out in the bill of exceptions,
could be considered as all that was offered, we would be
prepared to affirm the judgment below, because no con-
sideration appears for the conveyance from the plaintiff to
Gaston: but there is nothing in the record which enables
us to infer that other evidence was not adduced, and the
language employed in the charge of the Court authorizes
a different conclusion.

We are accordingly of opinion, that the judgment must
be reversed, and the cause remanded.

JUDGE WHITE not sitting.