DE VENDELL *vs.* DOE EX DEM. HAMILTON.

[EJECTMENT BY PURCHASER AT SHERIFF'S SALE UNDER EXECUTION AT LAW AGAINST GRANTEE OF DEFENDANT IN EXECUTION.]

1. *Construction of statute requiring registration of deeds of trust.*—Deeds of trust conveying real property are placed by the statute (Clay's Digest, p. 255, § 5) on the same footing with deeds of personalty, except as to the time allowed for registration, and the same rules of construction are applicable to both.

De Vendell v. Doe ex dem. Hamilton.

Under the construction heretofore adopted as to deeds of personalty, if a lien attaches in favor of a judgment creditor before notice of a deed not duly recorded, the purchaser is protected, although he may have had notice of the deed at the time of his purchase; and this construction is hereby extended to deeds conveying real estate.

2—3. *Title of purchaser at sheriff's sale.*—If a deed of trust is void as against a judgment creditor for want of due registration, it cannot operate to place the title beyond the lien of his judgment; the purchaser at sheriff's sale receives the same protection, and acquires the legal title to the land.

4. *Decision on question of fact not revisable on error.*—When a cause is submitted to the decision of the judge, without the intervention of a jury, on an agreed statement of facts, with leave to either party to appeal from his judgment, his decision on a question of fact is not revisable on error.

5. *Lien of judgment not lost by laches.*—The lien of a judgment which has not become dormant is not lost or impaired by laches in issuing execution.

6—7. *Construction of acts for liquidation of Planters and Merchants' Bank of Mobile.*— A judgment obtained in the name of the Planters and Merchants' Bank of Mobile before the surrender of its charter, and afterwards sold by its trustees under the act of 1850, is not rendered dormant by the operation of the several acts for the liquidation of the Bank, nor is the purchaser required to revive it by *scire facias*.

8. *Proof of demand on which judgment was rendered not required of purchaser.*—A purchaser at sheriff's sale, who brings ejectment against the grantee of the defendant in execution, is not required to prove the demand on which the judgment under which he purchased was founded, but may recover on proof of the judgment, execution, and sheriff's deed.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. CHARLES W. RAPIER.

EJECTMENT by Thomas A. Hamilton against Emilius De Vendell, to recover a certain lot in the city of Mobile. The case was submitted to the court, without the intervention of a jury, on the following agreed statement of facts :

"On the 5th day of June, 1840, A. Batre held the legal title to, and was in possession of, the property in controversy, and on that day a deed, embracing the same, was executed, acknowledged and delivered to Paul Chaudron ; but said instrument, a copy of which is hereunto annexed, marked ' A ', was not recorded until the 19th day of December, 1840. There is no evidence of any notice to the plaintiff, or to the judgment creditors hereinafter mentioned, of the existence of said deed when the judgment under which plaintiff holds was rendered ; nor was there any evidence of a change of possession up to that time.

"On the 14th day of December, 1841, the Planters and Merchants' Bank of Mobile obtained several judgments against said A. Batre and Paul Chaudron, under the style of A. Batre & Co., upon which executions regularly issued within a year and a day. On the — day of ——, 1850, Moses Waring purchased said judgments, at a sale of the assets of said Bank, made in pursuance of law, and the same were assigned to him by the trustees of the Bank. There is no evidence that Waring, at this time, had any actual knowledge or notice of any claim made by defendant to the property in controversy. Some years before the purchase of said judgments, said A. Batre had left the United States, and lived in Paris; and the property was in the possession, control, and management of De Vendell, the defendant, from the time said Batre left for France. On the 2d day of April, 1852, within ten years of the issuing of the last executions on said judgments, *alias fi. fas.* were issued, and levied on said lands, and they were sold by the sheriff of Mobile county; and the plaintiff became the purchaser, and now holds the sheriff's deed, dated June 7, 1852. At the time of the purchase of said lands by the plaintiff, he had full knowledge of the defendant's claims, and of the alleged title under which he claims.

. "On the 1st day of May, 1843, said Batre made another deed of said lands to James West, Jr., which was regularly recorded as the law directs, and a copy of which is hereto attached, marked 'C'; and it is admitted that the defendant has been substituted in place of said West, as trustee in said deed, by decree of the Chancery Court, before the institution of this suit. On the 9th of April, 1850, said Paul Chaudron executed to defendant an instrument in writing, a copy of which is hereto attached, marked 'D.'

"It is further admitted that all the acts of the legislature of Alabama, concerning the said Planters, and Merchants' Bank, are in evidence, and that her effects, at the time of the purchase of said judgments, were in the hands of Sidney Smith and D. Stodder, as trustees appointed under said acts to wind up her affairs, and who transferred said judgments regularly to said Waring. It is admitted, also, that said A. Batre and Paul Chaudron were in partnership on the 5th day of June, 1840, under the name of A. Batre & Co., and before

that time; and that on the 30th day of May, 1840, said Batre executed and delivered to said Chaudron a power of attorney, which was recorded in the office of the clerk of the County Court of Mobile on the 24th October, 1840, and a copy of which is hereto annexed, marked 'E.'

"The court is to draw any inferences from the above facts which a jury might legitimately draw; and if of opinion that, upon this state of facts, the plaintiff should recover, then judgment to be entered accordingly; if otherwise, then judgment for defendant. Plaintiff does not insist upon mesne profits. Each party reserves the right to carry the case to a higher court for revision. It is agreed, also, that the creditors named in the deed of 1843 (except the Planters and Merchants' Bank, who refused it) assented soon after to said deed."

Exhibit A, above referred to, is a copy of the deed of trust from Batre to Chaudron, dated June 5, 1840, conveying the land in controversy, with other property, to secure the payment of certain specified debts; and it is therein stipulated, that said property is to be disposed of as might be agreed upon between the trustee and the secured creditors, and that the proceeds of sale were to be disposed of in the same way. Exhibit C is the deed of trust of 1843, conveying the same property to West in trust for the payment of debts. Exhibit D is a deed from Chaudron to defendant, dated April 9, 1850, reciting therein Bate's deed to Chaudron,—that most of the creditors named in the said deed had been satisfied and paid; that those who had not been paid had never signified their assent to the trust; that said Batre had since made a general assignment to West, for the benefit of all his creditors, including those secured in the first deed, and had requested him (Chaudron) to relinquish his trust to the general assignee; and that De Vendell had been appointed by the Chancery Court trustee to execute the said assignment in place of West, who had died;—in consideration of all which, he (Chaudron) executed this deed, in trust, &c. Exhibit E is Batre's power of attorney, authorizing Chaudron to transact all his business during his absence from Mobile, to sell his lands, to make deeds in his name, and to substitute attorneys in that behalf.

Upon these facts, the court rendered judgment for the plaintiff below, and its judgment is now assigned for error.

JOHN T. TAYLOR, for the appellant:

1. There is no pretence that the deed from Batre to Chaudron was founded in fraud, and the evidence shows that it was executed and delivered, not only before the rendition of the judgment under which plaintiff bought, but long before the creation of the debt on which it was founded. The legal title, therefore, had passed out of Batre before the judgment was rendered; and for this reason no lien attached, as a judgment is a lien only on the legal estate.—1 Cushm. (Miss.) 298; 8 Geo. 208; 21 Ala. 262; 17 *ib.* 751. Therefore, if plaintiff bought any right at the sheriff's sale, it dates only from the deed to him; and before this De Vendell had obtained possession, and was then holding under two deeds—one from Batre to Chaudron, and the other from Batre to West.

2. The deed from Batre to Chaudron, as against plaintiff, is good. A purchaser at sheriff's sale takes only the interest of the defendant in execution, and is bound to the same extent with him.—21 Ala. 262. There was no proof of the *bona fides* of plaintiff's judgment.—16 Ala. 725.

3. It is clearly inferable from the conduct of the Bank that it had actual notice of the deed to Chaudron. Owning the execution for nearly twelve years, it never offered to make the lands liable, and finally sold the judgment for little or nothing. The lands were situated in Mobile, where also the Bank was located; and the deed was recorded in the proper office long before its debt was created. Possession under the deed for several years back was shown; and there being no evidence of the time of the change of possession, and the deed being absolute, the law implies that possession commenced with the date of the deed; and this, of itself, would be notice. But if the possession remained in Batre, the inference is irresistible, that the Bank and its officers knew it was not his; in no other way can the refusal to levy on it be explained.

4. The delay of the Bank amounts to gross negligence, and it will be held to have waived its lien, if it ever had any; and Batre's creditors having accepted the trust, the deed of 1843 to West would also be held good against it, and the

purchaser of the judgment would only take its position. It has been repeatedly held that the stay of an execution in the hands of the sheriff, though without consideration, is a fraud on junior creditors ; what is the difference between staying an execution in the hands of the sheriff, and refusing to issue one at all for nearly ten years?—2 Comst. 451.

5. The legislature declared the Bank's charter forfeited, and seized its franchises ; the Bank acquiesced, and trustees were appointed under the acts of the legislature.   The Bank, therefore, had surrendered its charter, which was the civil death of the corporation ; and even if the subsequent acts continue the obligations against its debtors in favor of the trustees, still they could not sue, under a judgment obtained in the lifetime of the corporation, until it was revived by *scire facias*, any more than an executor or administrator could sue on a judgment obtained by his testator or intestate.—Bingham on Judgments and Executions, p. 141 ; Foster on Scire Facias, tit. Joint Stock Companies ; 6 Sm. & Mar. 513 ; 12 *ib.* 700.

6. But, if it should be held that the acts gave this power to the trustees, still it is clear that no one but the trustees has it.   There exists no authority in any one outside of the acts, and the acts gave the power of using the name of the Bank only to the trustees, and only to them for the purpose of winding up its affairs.   Admitting, then, that the sale of the Bank's assets impliedly gave the purchaser the right to sue and collect the debts, this by no means gives the right to use the name of the Bank.   Waring, therefore, having no power to use the name of the Bank, should have sued on the judgment, or revived it by *scire facias ;* and, until revived in some way, the proceedings under it were void.—Pamphlet Acts 1843, p. 70 ; *ib.* 1844, p. 78 ; *ib.* 1845, p. 46; *ib.* 1850, p. 126; 17 Ala. 754.   If it was necessary to have revived the judgment before execution could issue, the lien of the judgment was lost ; the lien only lasts while the right to issue an execution or *elegit* continues.—3 Ala. 560; 16 *ib.* 284; 15 *ib.* 225.

P. HAMILTON, *contra*, made the following points :—

1. The statute explicitly declares, that deeds of trust of land to secure debts must be recorded within sixty days, else

11

they are void as against judgment creditors and purchasers without notice.—Clay's Digest, p. 255, § 5. Under this statute, in the case of personal property, it has been held, that a deed of trust is void against a subsequent judgment creditor, unless recorded within the limited time.—Wallis v. Rhea & Ross, 12 Ala. 646 ; Bradford v. Dawson & Campbell, 2 *ib.* 203; Cummings & Cooper v. McCullough, 5 *ib.* 324 ; Ohio Life Ins. Co. v. Ledyard, 8 *ib.* 866; Chamberlain v. Adams, MS. opinion by C. J. Dargan.

2. The effect of the unrecorded deed, as against the judgment creditor, is declared to be nothing : the conveyance is inoperative, and the creditor sells the title of his debtor irrespective of it.—Daniel v. Sorrells, 9 Ala. 447. The judgment overrides the claim of the defendant in this case, and whatever the judgment bound in favor of the creditor passes to the purchaser under the sheriff's deed.

3. None of the creditors named in the deed of 1840 are proved to have assented to the deed. Without such assent, the deed is revocable by the grantor ; and the levy of an execution works its revocation.—Elmes v. Sutherland, 7 Ala. The *bona fides* of the transaction is not proved, nor is any consideration shown.—Doe v. Reeves, 10 Ala. 137.

4. The purchaser, holding under a judgment creditor, is not required to prove anything beyond the judgment, execution, and sheriff's deed. If fraud is asserted, the judgment should be in some way impeached ; but till then, from the necessity of the case, and from the propriety of giving credence to legal proceedings, the production of the judgment, execution and deed is sufficient.—Sellers & Cook v. Hayes, 17 Ala. 749; Costillo & Keho v. Thompson, 9 *ib.* 947; Ohio Life Ins. Co. v. Ledyard, 8 *ib.* 866 ; 5 *ib.* 58, 316 ; 9 *ib.* 440; Burt v. Cassety, 12 *ib.* 739 ; Barron v. Tart, 18 *ib.* 668 ; Dubose v. Young & McDowell, 14 *ib.* 139; 7 Dana's R. 511; 6 Munf. 366.

5. If the execution under which plaintiff purchased is voidable, by reason of the proceedings against the P. & M. Bank, the defendant should have taken other means to set it aside. If the execution is void, it does not arise from the lapse of time, for ten years had not elapsed from the issue of former executions. If void, it must result from the several statutes for the settlement of the Bank. Nothing appears on this record

De Vendell v. Doe ex dem. Hamilton.

of any judgment of forfeiture, or its reversal. The cases cited from Mississippi depend on statutes of that State, and have no application here; and, besides, the facts are different. Here, the Bank's charter has never been entirely vacated, but the existence of the corporation was continued, though with limited powers. The suit was pending before the modification of the charter, and the jurisdiction of the court had attached. There was no need of a *sci. fa.* to revive the judgment, and the statute required none; no presumption of payment had arisen from lapse of time, and no change of interest had occurred. The object of the several statutes was, to prevent the course now demanded, and to ensure a speedy collection of the debts.—Saltmarsh v. P. & M. Bank, 14 Ala. 668.

6. The act of 1850 directed a sale of the Bank's assets, and Waring became the purchaser of the judgment, and took it with all the incidents of a judgment. The policy of the law was, not to depreciate the value of the assets, but to make them produce as much as possible; and the court will give such a construction to it as will effectuate that intention. The courts recognize the assignment of judgments, and extend their protection to the assignee; and it was never heard that a *scire facias* was necessary to perfect the title of an assignee.

7. But the judgment and execution are regular, and cannot be thus collaterally impeached.—Weir v. Clayton, 19 Ala. 132; Pollard v. Cocke, *ib.* 188; Barron v. Tart, 18 *ib.* 668.

8. The lapse of time since the judgment does not impair its validity : having obtained his judgment, the creditor may rest on it.—Turner v. Lawrence, 11 Ala. 427; Doe v. Bates, 6 *ib.* 480; 20 *ib.* 427; 12 Wheat. 177.

CHILTON, C. J.—1. Under the facts of this case, we feel no hesitation in holding the judgment of the Circuit Court to be correct.

The statute by which the validity of the deeds under which the defendant claims must be tested, declares that " All deeds and conveyances of personal property, in trust to secure any debt or debts, shall ·be recorded, in the office of the clerk of the county court of the county wherein the person making such deed or conveyance shall reside, within thirty days, or else the same shall be void against creditors

and subsequent purchasers without notice ; and if any such conveyance be made of real estate, the same shall be recorded, in the office of the clerk of the county court of the county wherein the estate may be situate, within sixty days, or the same shall be void against creditors or subsequent purchasers without notice."—Clay's Digest, pages 255–56, § 5.

It will be observed that this statute uses the same language in respect to deeds of both personal and real property, except that thirty days are allowed for recording deeds of trust of personalty, and sixty days as to real property. If not so recorded, they are equally void as to creditors and subsequent purchasers without notice. The same rules of construction equally apply to each. In respect of personal property, it is well settled, that if a lien attaches in favor of a judgment creditor, before notice of a deed not duly recorded, the purchaser is protected, although, at the time of the purchase, he may have had notice of such deed.—Wallis v. Rhea & Ross, 10 Ala. R. 451 ; same parties, 12 *ib.* 646 ; Jordan v. Meade, 12 *ib.* 247 ; Chamberlain v. Adams, in MS., per Dargan, C. J. The same rule, for similar reasons, must apply to deeds conveying real estate.—See Avent v. Read, 2 Stew. 488 ; Mallory v. Stodder, 6 Ala. 801 ; Daniel v. Sorrells, 9 Ala. 436.

2. As the Bank in this case had, at the time the judgments against Batre & Co. were rendered, and when it acquired a lien on the land, no notice of the deed of trust executed in 1840, and as that deed was not recorded within the time prescribed by the statute, it was void as against the Bank ; and being void as to it, is void as to any one who purchases under the judgment when the land is sold in the enforcement of the lien. The protection of the Bank is extended to the purchaser, otherwise the lien would be rendered ineffectual. Daniel v. Sorrells, 9 Ala. 436, and cases above cited.

3. The deed, being void as against the Bank, could not operate to place the title beyond the lien of its judgment. Batre, notwithstanding the deed, is, as to the Bank, the legal owner of the land ; and the purchaser, who acquires all the title which the law authorized the Bank to sell under its execution, himself acquires the legal title.

4. As to the question whether the Bank had actual notice of the deed, and which the appellant's counsel thinks might be

inferred from all the circumstances, it involves an inquiry into a matter of fact, which we can no more revise than if it had been found by a jury ; the court having tried it by consent of the counsel in lieu of the jury.—Malempre v. Etheridge, 18 Ala. 565.

5. Neither can it be maintained that the lien of the Bank was lost by not issuing executions, the judgment itself not having become dormant.—Turner v. Lawrence, 11 Ala. 426 ; 20 *ib*. 427 ; 12 Wheat. R. 177.

6–7. Nor was the judgment rendered dormant by the acts of the general assembly putting the Bank in liquidation. The power to proceed to collect in the name of the Bank was expressly reserved to the assignees, or trustees, appointed to settle its affairs ; and authority given them to dispose of the judgment by sale and assignment is an implied power conferred by the act on the purchaser to have execution of it. Where a sale is required to be made, the right to enjoy the purchase and render it available to the purchaser passes as an incident. Again :—The statute should receive such construction as would carry out the design of the legislature in its enactment. It could not have been the design of the legislature to depreciate the assets of the Bank, by changing their character, and destroying liens which may have attached for the satisfaction of them, by rendering judgments dormant as soon as sold, and putting purchasers to the expense of new proceedings for their revival. This expense would, of course, lessen their value to the Bank. The enforcement of a judgment, already obtained in the name of the Bank, is unlike the institution of a new suit to recover upon the assets of the Bank, which, as we have decided, can only be done in the name of the Bank by the trustees appointed to take charge of the assets.—Jemison v. Planters & M. Bank, 17 Ala. 754.

8. It is objected by appellant, that there was no proof of the demand on which the judgment was rendered. The answer is, that no such proof is required of the purchaser under execution. He produces his sheriff's deed, and the record of the judgment and execution conferring upon the sheriff full authority to make the sale. This is sufficient to pass all the legal title the defendant in the execution had at the time the judgment was rendered.

Whether the appellant would not, as against such purchaser, be required to prove the existence and *bona fides* of some of the demands provided for in the trust deed, before it could avail him, is a question it is unnecessary to decide; for the view we have taken above is conclusive of the case in this court.

Let the judgment be affirmed.