# Brandon Printing Co. *v.* Bostick.

*Statutory Trial of the Right of Property.*

1. *Sale of personal property; when complete.*—A sale of personal property is complete when the buyer and seller agree upon the terms of sale; and this is true, although the property purchased was not delivered at the time of the making of the contract, but was to be subsequently delivered at a different place from where the negotiations were carried on.

2. *Conditional sale; construction of statute requiring registration of contracts.*—Under the statute providing that contracts for

the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase price, are "void against purchasers for a valuable consideration, mortgagees and judgment creditors without notice," unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party obing possession of the property under the sale resides, (Code, § 1017), where the conditional sale was made and completed outside of the State, the registration of the notes given for the purchase price, and evidencing the conditional sale, within three months after the property is-delivered to the purchaser in this State, is sufficient to bring such contract within the provisions of said statute.

APPEAL from Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

This was a statutory trial of the right of property between F. A. Bostick, as plaintiff, and the Brandon Printing Company as claimant; and was instituted in the following manner: F. A. Bostick commenced a suit by attachment against J. W. Shoemaker, Lisle Shoemaker and Clara F. Shoemaker. This writ of attachment was duly issued and was levied by the sheriff upon a Smtih Premier Typewriter, as the property of J. W. Shoemaker. Thereupon the Brandon Printing Company made an affidavit and bond and interposed a claim to said typewriter, setting up the fact that the typewriter levied upon under the writ of attachment was not the property of J. W. Shoemaker, but was the property of the claimant. Upon the interposition of this claim issue was formed upon which the trial was had.

The plaintiff proved the levy of the attachment upon the typewriter which was in the possession of J. W. Shoemaker, one of the defendants in attachment. Claimant asserts its claim to the typewriter under a conditional sale. The notes given for the typewriter and evidencing the conditional sale were executed by J. W. Shoemaker, one of the defendants in attachment. The evidence shows the following facts: That the latter part of July or first of August, 1898, J. W. Shoemaker, a resident of Scottsboro, Alabama, went to the office of the Brandon Printing Co., Nashville,

Tenn., and there contracted in person for a Smith Premier Typewriter "at $105, of which $20 was to be taken out in advertising in his paper, and the balance to be paid $10 a month, without interest, he giving lien notes for the machine, these notes to be due thirty days apart." The machine not being in stock, it was agreed that same should be shipped to Shoemaker, when a shipment arrived from the factory.

It appears that Shoemaker wanted to pay $25 in advertising and on August 3, claimant wrote as follows: "The Home Company declines to allow us to sell you a machine in the manner in which you want it, and allow you $25 in advertising. They say that we should not allow you over $15 or $20. We will strain a point and make it $20 dollars in advertising, you paying us as you suggested, except that on January 15, we would expect $15 instead of $10." Shoemaker answered Aug. 4. "I understand from your letter that you will sell me the the machine on terms asked for while in your city last week except you can only allow me $20 for the ad. and I make my first cash payment Sept. 10, and each succeeding month until paid for. I hope you will ship the machine at once and fill out notes and mail to me to sign."

On August 5, claimant replied: "Yours of the 4th at hand, and the machine goes to you today. Enclosed find notes properly made out, as we understand it." Aug. 6, Shoemaker replied: "The typewriter came this morning and reached me in fine shape, and I enclose notes properly indorsed."

The notes are dated Scottsboro, Alabama, August 5th, 1898, and each contains the following stipulation: "This note is one of a series of six notes of even date, which are given for the payments due on one Smith Premier Typewriter No. 25507-2 bought this day from Brandon Printing Co., and it is expressly agreed that the title of said typewriter is to remain in the said Brandon Printing Company until all said notes are paid in full with interest. In the event any one of said notes is not paid at maturity, all said notes will become due and payable, and the Brandon Printing Company is hereby

[Brandon Printing Co. v. Bostick.]

authorized and empowered to take possession of said typewriter," etc. The notes were properly stamped and were recorded in the office of the Judge of Probate of Jackson county, October 11th, 1898.

This was all the evidence. The court gave the affirmative charge for the plaintiff in writing, and refused a like. charge requested by the claimant in writing. To each of these rulings the claimant separately excepted.

There were verdict and judgment for the plaintiff. The claimant appeals, and assigns as error the giving of the general affirmative charge in favor of the plaintiff, and the refusal to give the general affirmative charge requested by the claimant.

MARTIN & BOULDIN, for appellant, Cited *Harmon v. Goetter*, 87 Ala. 325; *Shines v. Steiner*, 76 Ala. 458; *Neal v. Boggan*, 97 Ala. 611.

J. E. BROWN and F. A. BOSTICK, *contra*, cited Code of 1886, § 1814, also §§ 1670, 1671, 1810; *Berney Nat. Bank v. Pinckard*, 87 Ala. 577; *Abels v. Insurance Co.*, 92 Ala. 382.

HARALSON, J.—It is not pretended that the contract for the conditional sale of the property, the subject of this suit, was recorded within thirty days after it was brought to Scottsboro, Jackson county. The contract was dated, Scottsboro, Aug. 5th, 1898, was received by the defendant in attachment on the following day, the 6th, in Scottsboro, where the purchaser resided, having been shipped to him from Nashville on the 5th. If the sale and delivery of it were made in Jackson county, it is conceded that the vendors, not having recorded their contract as required by section 1017 of the Code, within thirty days thereafter, lost the protection bestowed by said section "against purchasers for valuable consideration, mortgagees and judgment creditors without notice thereof." The plaintiff's attachment was sued out and levied on the property in Scottsboro, on the 4th of October, 1898, and the contract was not recorded until the

12th of that month. But, if the sale and delivery were made in Nashville, Tenn., on the 5th of August, 1898, and the property was brought into the county of Jackson on the following day, it is not denied that the sellers are protected, for the contract was recorded within three months thereafter as required by the statute. The section of the Code referred to provides that such contracts are, as to the condition in the sale of the retention of title in the vendor, "void against purchasers for a valuable consideration, mortgagees and judgment creditors without notice thereof, unless such contracts are in writing and, within thirty days after the date thereof, recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also in the county in which such property is delivered and remains; and if, before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded, within three months from the time of such removal, in the county to which it is removed; and if any such property is brought into this State while subject to such condition, the contract of sale, * * * must within three months thereafter, be recorded in the county into which the property is brought and remains."

There is no dispute as to when the machine reached Scottsboro. The purchaser, the defendant in attachment, wrote to the sellers, the claimants, on the 6th of August, 1898, stating: "The typewriter came this morning and reached me in fine shape."

C. H. Brandon for the claimant testified, that about the latter part of July or the first of August (1898) the defendant in attachment, J. W. Shoemaker, personally made the trade with him for the machine in his office in Nashville, Tenn., for which he was to pay $105, $20 of which was to be taken out in advertising in his paper, and the balance to be paid in $10 payments per month thirty days apart, without interest, and that $5 was added in lieu of interest; that the machine was not in the house at the time, and for that reason he could not deliver it to him, but it was on the way to Nashville

from the factory in the State of New York, and as soon as it came he would ship it to him, which he did do in a few days afterwards.

After this, several letters passed between the claimant and the defendant. It seems, that defendant desired to be allowed $25 on the purchase price for advertising. On the 3d of August, the company wrote to him, that they could allow him but $20 on that account, he paying as he had suggested, except that on January 15, they would expect $15 instead of $10, and requested him to let them know by next mail what they should do. On the next day, August 4th, defendant wrote: "Your letter of the 3rd to hand. I understand from your letter, that you will sell me the machine on terms asked for while in your city last week, except you can only allow me $20 for the ad., and I make my first cash payment September 10th, and each succeeding month until paid for. I hope you will ship the machine at once, and fill out notes and mail to me to sign."

On August 5th, the company wrote defendant: "Yours of the 4th at hand, and the machine goes to you today. Enclosed find notes properly made out, as we understand it."

On the 6th of August defendant as above stated, wrote to the claimants: "The typewriter came this morning and reached me in fine shape, and I enclose notes properly endorsed" (signed).

In *Pilgreen v. The State*, 71 Ala. 368, the rules as to the sale of goods was thus stated: "Upon all sales of specific goods in the possession of the vendor, the contract is complete when the buyer and seller agree; the property in the goods then passes to the buyer, and the risk of loss by accident, or from any other cause than the fault or negligence of the seller, is cast upon the buyer as an incident of ownership, though actual possession may not pass, and he may not be entitled to it until he pays the price, or performs some other like stipulation," and "the delivery of the goods to a carrier by the seller in accordance with the specific request of the purchaser, is a delivery to the purchaser.—Parsons on Contracts (6th. ed.) 532; Benjamin on Sales (3d Am.

ed.) § 181."—*Robinson v. Pogue,* 86 Ala. 257; *Jones v. Brewer,* 79 Ala. 548.

The sale and delivery of the property in this case, according to the evidence, was complete in Nashville on the 5th of August, the day it was shipped as requested by the defendant, and this is the date. the notes given for it by the defendant to claimant were made to bear date. The property was afterwards, on the 6th of August, brought into the State and county of Jackson, which entitled the claimants to three months within which to record their contract for protection under the statute. That they thus complied with the statute is not disputed, and the court should have given the general charge as requested by them, and refused a like charge requested by and given for plaintiff.

Reversed and remanded.