# Tennessee Coal, Iron & Railroad Co. v. Gardner.

## Statutory Action of Ejectment.

1. *Registration of deed; when not constructive notice to subsequent grantee.*—The recording of a deed from any other person than the grantor from whom title is claimed will not operate to give constructive notice to a subsequent grantee.
2. *Same; statute applicable to judicial sales.*—The statute providing that conveyances of real property are void as to purchasers for a valuable consideration having no notice thereof, unless recorded within thirty days from their date, (Code, § 1005), affords the same protection to purchasers at judicial sales that it does to purchasers at private or individual sales.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This was a statutory action of ejectment brought by the appellee, Grace Gardner, against the appellant, the Tennessee Coal, Iron & Railroad Company, to recover certain lands specifically described in the complaint. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the defendant, gave to the jury the general affirmative charge in its behalf, to the giving of which charge the plaintiff duly excepted.

There was a verdict in favor of the defendant and judgment rendered accordingly. Thereupon the plaintiff filed a motion for a new trial, and assigned as grounds of this motion that there was newly discov-

ered evidence and that the court erred in giving the general affirmative charge requested by the defendant.

Upon the hearing of this motion the court granted the same and rendered a decree ordering a new trial. To this ruling the defendant duly excepted. The defendant appeals, and assigns as error the judgment of the court granting a new trial.

A. LATADY, for appellant, cited *Winston v. Hodges,* 102 Ala. 304; *Avent v. Read,* 2 Stew. 488; *Mallory v. Stodder,* 6 Ala. 801; *Wood v. Lake,* 62 Ala. 489; *Watts v. Parsons,* 73 Ala. 202; *Chadwick v. Carson,* 78 Ala. 116; *Simon v. Davis,* 36 Ala. 589; *Fenno v. Sayre,* 3 Ala. 458; *Trust Co. v. Ledyard,* 8 Ala. 866; *Lehman v. Collins,* 69 Ala. 128; *Haralson v. George,* 56 Ala. 295.

S. D. LOGAN, *contra,* cited *Tutwiler v. Montgomery,* 73 Ala. 269; *Moore v. Clay,* 7 Ala. 742; *Baily v. Levy,* 115 Ala. 565; *Hutton v. Williams,* 35 Ala. 503; *Howison v. Oakley,* 118 Ala. 237; *Ezzell v. Brown,* 121 Ala. 151; *Goodbar v. Daniel,* 88 Ala. 583; *Thomas v. Glazier,* 90 Ala. 538; *Lindsay v. Cooper,* 94 Ala. 170; *Clemmons v. Cox,* 114 Ala. 350.

DOWDELL, J.—The plaintiff and defendant each claimed title to the land in controversy from a common source, one Lee Allen, to whom the government issued a patent. The claim of title relied on by the plaintiff is as follows: Patent from the government to Lee Allen, dated December 1, 1860; deed from Lee Allen to James Hill executed March 6, 1861, recorded September 1, 1890; deed from James Hill to John W. White, dated October 15, 1870, proved September 8, 1884, recorded September 1, 1890; deed from John White to Jesse Miller, dated March 5, 1890, acknowledged March 5, 1890, filed for record April 3, 1890, and again acknowledged May 10, 1890, and filed for record May 23, 1890; deed from Jesse Miller to the plaintiff executed on the 26th day of July, 1895, and filed and recorded on the 11th day of November, 1895. The title relied upon by the defendant is as follows: Cahaba Coal Mining Co., the immediate grantor of the appellant corporation,

bought the lands at a sale made under a decree of the chancery court of Bibb county on the 7th day of April, 1890, which said sale was duly reported by the register to the court on the 8th day of April, 1890, and at the September term, 1890, of said court, was duly confirmed by said court and a deed ordered, which was duly executed to the Cahaba Coal Mining Co., the said decree and sale of said lands being had in proceedings in said chancery court for a sale and partition of said lands among the heirs-at-law of said Lee Allen, the entryman of said lands. A deed from the Cahaba Coal Mining Co. to the defendant, dated December 19, 1892, acknowledged January 25, 1893, was filed and recorded on January 31, 1893. At the time the Cahaba Coal Mining Co. purchased the lands at the sale by the register, the lands were unoccupied and were what are known as wild lands. They had not been occupied by any one since the residence thereon of the heirs of one Eddie Fuller about thirty years previous.

There is no question involved in the case of notice, actual or constructive, based upon occupancy. The sole question is as to who has the better title, and this we think is to be determined by our statute relating to the registration of conveyances. At the date of the purchase at the register's sale by the Cahaba Coal Mining Co., April 7, 1890, the deed from Lee Allen, the common source of title, to James Hill, and from James Hill to John W. White had not been recorded; consequently there was nothing of record which could operate as constructive notice to a subsequent purchaser from Allen. It is contended, however, that the deed from John White to Jesse Miller being of record operated as notice to a subsequent purchaser from Lee Allen. The record of a deed from any other person than the grantor from whom title is claimed will not operate to give constructive notice to a subsequent grantee. The following cases sustain this doctrine: *Winston v. Hodges,* 102 Ala. 340; *Chadwick v. Carson,* 78 Ala. 116; *Watt v. Parsons,* 73 Ala. 202; *Lehman v. Collins,* 69 Ala. 127; *Wood v. Lake,* 62 Ala. 489; *Gimon v. Davis,* 36 Ala. 589; *Trust Co. v. Ledyard,* 8 Ala. 866; *Lamar v. Stodder,* 6 Ala. 801; *Fenno v. Sayre et al.,* 3 Ala. 458; *Avent v. Reed,* 2 Stew. 488; Code of 1896, § 1005.

While the deeds of Lee Allen to James Hill, and James Hill to John White offered in evidence by plaintiff were put upon record prior to the decree of confirmation of the sale, yet they were subsequent to the sale made by the register at which the Cahaba Coal Mining Co., grantor of the defendant, became the purchaser. Under the decree of confirmation, the rights of the purchaser related back to April 7, 1890, the date of the sale.—*Haralson v. George,* 86 Ala. 295. Section 1005 of the Code of 1896 affords the same protection to purchasers at judicial sales that it does to purchasers at private or individual sales. The doctrine of *caveat emptor,* as applied to purchasers at judicial sales, is without application in the present case. But for the statute, a subsequent purchaser could derive no title from a grantor who had already parted with his title. It is a statute for the protection of subsequent purchasers for value without notice, and makes no distinction between purchasers at judicial sales and purchasers from the individual.

Under this view of the case there can be no doubt that the defendant had the better title, and the court erred in setting aside the verdict and granting a new trial. The statements in the affidavit accompanying the motion for a new trial as to the newly discovered evidence fail to show any statements of facts tending to convey notice, either actual or constructive, to the defendant or its grantor, the Cahaba Coal Mining Co., and even if admitted in evidence would not affect or vary the conclusion reached. It follows that the judgment of the court in granting the new trial must be reversed, and a judgment will be here rendered overruling the motion for a new trial.

Reversed and rendered.