# F. A. Ames Co. *v.* Slocomb Mercantile Co.

## *Detinue.*

(Decided Jan. 20, 1910. Rehearing denied Feb. 26, 1910. 51 South. 994.)

1. *Sales; Receiver's Sale; Title of Purchaser.*—Where a part of the stock of the bankrupt, bought under a conditional contract of sale which was not recorded as required by section 3394, Code 1907, was sold, the purchaser at the sale acquired a good title as against the original seller if he bought without notice actual or constructive of such conditional sale.

2. *Same: Conditional Sales; Validity.*—Section 3394, Code 1907, cannot be limited to purchasers at voluntary sales made by the buyer in a conditional contract of sale, but includes judicial or execution sales, when the process is directed against the conditional sales buyer; a sale by a receiver in bankruptcy, after ratification by the court, is a judicial sale within the statute.

3. *Same.*—A purchaser at a judicial or execution sale against a buyer in a conditional sale contract is within the protection of the recording and registration statute as to conditional sales.

4. *Judicial Sales; Caveat Emptor.*—The rule of caveat emptor applies to judicial sales.

5. *Bankruptcy; Trustee; Title.*—A trustee in bankruptcy is not a purchaser of the property of the bankrupt; he acquires only such title as the bankrupt has and can sell only such title as he has.

[F. A. Ames Co. v. Slocomb Mercantile Co.]

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by the F. A. Ames Company against the Slocomb Mercantile Company. Judgment for defendant and plaintiff appeals. Affirmed.

W. R. CHAPMAN, for appellant. Section 1017, Code 1896, has no application to purchasers at a bankrupt sale.—Section 70, Clause 5, Bankruptcy Act; *Spenser v. Duplan Silk Co.*, 112 Fed. 638; *Hewlett v. Berlin Mach. Wks*, 11 Am. B. R. 709; 194 U. S. 246; 163 Fed. 496; 201 U. S. 352. The trustee was not a purchaser without notice, and those claiming under him could not be. The principle of caveat emptor applies.—*Lindsey v. Cooper*, 94 Ala. 179; *Prior v. Davis*, 109 Ala. 124; *Electric L. Co. v. Rust*, 117 Ala. 691; *Culli v. House*, 133 Ala. 309; *Smith v. Perry*, 56 Ala. 266; *Humes v. Scruggs*, 64 Ala. 40.

W. O. MULKEY, for appellee. The special plea was proven without dispute, and, of course, the defendant was entitled to the affirmative charge. The purchaser at the bankrupt sale was a purchaser within the meaning of the statute.—*In re Boothe*, 98 Fed. 975. See also 112 Fed. 308; 106 Fed. 493; 98 Fed. 806; 97 Fed. 188.

MAYFIELD, J.—The action is in detinue by appellant against the appellee. Plaintiff's titled rested solely, as shown by all the evidence, upon a conditional sale to a third party, by which sale the property was delivered to the purchaser and kept in trade as a part of a general stock of goods. The contract of sale was in writing, but not recorded as required or provided for by section 3394 of the Code. The purchaser was duly and legally adjudicated a bankrupt, and the entire stock of goods, including the property in question, was

[F. A. Ames Co. v. Slocomb Mercantile Co.]

legally, and so far as appears regularly, sold by a receiver appointed by the bankruptcy court, which sale was duly and properly confirmed by the court, and the defendant purchased the property in question "for a valuable consideration," without any notice, actual or constructive, of the conditional sale. These facts were all set up by a special plea, and were proven without dispute. Upon this issue and proof the trial court properly gave the affirmative instruction requested by defendant.

There are other errors assigned; but they are not insisted upon, and, if they were, they would be unavailing to reverse the case on the undisputed evidence, even upon the general issue. The statute renders plaintiff's claim void under its own evidence.—*Brandon Co. v. Bostick,* 126 Ala. 247, 28 South. 705; *T. C. I. & R. Co. v. Gardner,* 131 Ala. 599, 32 South. 622.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, SAYRE, and EVANS, JJ., concur.

ON APPLICATION FOR REHEARING.

PER CURIAM.—It is insisted by the appellant, in application for rehearing, that we should now construe the statute (section 3394 of the Code) and decide the question as to the sufficiency of plea 2; that is, whether or not the purchasers at judicial sales are within its protection. The language of the statute is that the conditional sale is void as against purchasers for valuable consideration, mortgagees, and judgment creditors without notice thereof, unless the contract is in writing and recorded, etc.

[F. A. Ames Co. v. Slocomb Mercantile Co.]

The point is now made that purchasers at a judicial sale such as is alleged in the plea are not purchasers without notice within the meaning of the statute. It is argued that the trustee of the bankrupt is not a purchaser, and that only such title as the trustee acquires can pass by the bankrupt sale, and that, therefore, the purchasers at such sale acquire no better title than the trustee had, that the rule of caveat emptor applies to purchasers at judicial sales, and therefore such purchasers are not without notice of the conditional sale.

The propositions of law that the trustee is not a purchaser, and that he acquires only the title of the bankrupt, and can sell only such title as he has, and that the rule of caveat emptor applies to judicial sales, are sound; yet the conclusion does not follow that a purchaser at a bankrupt or judicial sale is not a purchaser, though the trustee or receiver is not, and if he in fact purchases at such sale without notice, actual or constructive, the statute clearly makes this conditional sale void as to him. The statute is not limited or restricted to purchasers at voluntary sales made by the vendee; but includes judicial or execution sales of the property when the process is directed against the vendee, and we know of no reason why a purchaser at a bankrupt sale is not protected as well as a purchaser at any other judicial sale. It is certainly a judicial sale, made and ratified by the court. A voluntary sale by the vendee, of course, passes no title to the subvendee, except that of the original vendee. It passes no more nor less than an execution sale against him would do, except that there may be a warranty in the one case, but there is none in the other.

But for this statute the purchaser or subvendee would acquire no title as against the original vendor who retained the title, no matter whether the purchase

was at a voluntary sale or at a judicial one. The rule of caveat emptor applies in both cases. The theory of the law is not that the title passes in either case, but it is that the statute makes the condition void in both. The statute makes the original condition void as against subsequent purchasers without notice, and is not limited to those who purchase at voluntary sales, but includes those who purchase at judicial or execution sales. A purchaser at such sales is uniformly held to be within the protection of recording and registration statutes as to conditional sales, mortgages, and liens.—*T. C. I. & R. R. Co. v. Gardner,* 131 Ala. 599, 32 South. 622. See Words & Phrases, on subjects "Bona fide purchasers," "Purchasers," etc., which collects numerous cases both of state courts and the federal court. See, also, *Lusk v. Reel,* 36 Fla. 418, 18 South. 582, 51 Am. St. Rep. 32; *Pugh v. Highley,* 152 Ind. 252, 53 N. E. 171, 44 L. R. A. 392, 71 Am. St. Rep. 327, and notes thereto, which collects the authorities, the authorities appearing to be uniform to the proposition that purchasers at judicial or execution sales are protected, unless they have actual or constructive notice; that is, that they are within the protection of the statute, as well as those who purchase directly from the original vendee.

The application is overruled.