(124 So. 395)

## GOBER MOTOR CO. et al. v. VALLEY SECURITIES CO. (8 Div. 840.)

Court of Appeals of Alabama. Oct. 29, 1929.

Williams & Chenault, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

292

SAMFORD, J. ██ The plaintiff in two counts claims damages of the defendants in the sum of $400 for the conversion by them of a certain automobile truck. Each count states a cause of action, and is not subject to any ground of demurrer interposed.

One Taylor contracted to buy the truck described in the complaint from Leonard Hume Chevrolet Company. He made a cash payment, and executed a contract to secure the deferred payments, in which contract the title to the truck was retained in the seller until all deferred payments were made. This sale was made in Mississippi in May, 1926, and the paper was duly and promptly recorded in that state, and then sold and transferred to this plaintiff. Taylor moved and brought the truck to Franklin county the latter part of August, 1926, and the Gober Motor Company, one of defendants, did some repairs on the truck in September and on November 3d, for which they have claimed a lien. The Smith Chevrolet Company did some repairs and furnished some material for the truck in December, 1926, after they were informed of plaintiff's lien.

██ As for the claim of defendant Gober Motor Company: Such repairs as were made by them on the truck were within three months after the truck was brought into this state. The Gober Company did not retain possession of the truck, but, after repairing same, delivered it to Taylor. By this act the Gober Company lost its common-law lien, and is remitted to its rights under the statute, Code 1923, § 8863, made and provided for such cases. Tallassee Motor Co. v. Gilliland, 22 Ala. App. 21, 112 So. 758. To enforce this lien the Go-

ber Motor Company proceeded regularly under section 8864 of the Code of 1923 by attachment in a court of competent jurisdiction, and in due time and in regular course obtained judgment and condemnation of the property. Under order of court the property was sold and bought in by J. B. Gober for Gober Motor Company. In the absence of the claim of plaintiff, this purchase places the clear title to the truck in Gober, without regard to the judgment rendered against Taylor and in favor of Smith Chevrolet Company. Ames Co. v. Slocomb Mercantile Co., 166 Ala. 99, 51 So. 994.

Gober being a purchaser at an execution sale against the buyer, Taylor is within the protection of section 6898 of the Code of 1923. Ames Co. v. Slocomb Mercantile Co., 166 Ala. 99, 51 So. 994.

██ The conditional sale contract was not recorded in Franklin county, Ala., within three months after the property had been removed to this state from Mississippi, nor has it ever been so recorded, nor was there sufficient evidence to warrant the court in finding that Gober Motor Company had actual notice of the conditional contract prior to the execution sale at which it became the purchaser. That being the case, Gober got title to the truck at the sale as against the plaintiff in this case. Ames Co. v. Slocomb, etc., supra; Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 So. 783, Ann. Cas. 1916A, 877; Brandon Printing Co. v. Bostick, 126 Ala. 247, 28 So. 705; In re Dancy Hardware & Furniture Co. (D. C.) 198 F. 336; Motor Sales Co. v. McNeil, 18 Ala. App. 132, 89 So. 89.

Being a purchaser within the meaning of the recordation statute, and having purchased without notice either actual or constructive of plaintiff's contract, the Gober Motor Company was not guilty of a conversion when it resold the truck.

██ Having obtained title superior to plaintiff by virtue of the judgment, execution, and sale of the truck under the Gober Motor Company judgment, it becomes unnecessary to pursue the inquiry into the status under the judgment and claim of Smith Chevrolet Company. If the plaintiff has any claim to the proceeds of the sale over and above the amount due Gober Motor Company, such claim is not to be enforced in this action. The court erred as above indicated, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.