(137 So. 780)
### GENERAL MOTORS ACCEPTANCE CORPORATION v. EATON.

8 Div. 384.

Court of Appeals of Alabama.

Oct. 6, 1931.

Rehearing Denied Nov. 3, 1931.

Ben L. Britnell and Eyster & Eyster, all of Decatur, and London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellant.

J. Marvin Kelley, of Hartselle, for appellee.

**SAMFORD, J.**

Under section 35, Local Acts 1927, pp. 219, 225, the venue of this suit is in the Hartselle division of the county court of Morgan county.

Under the agreed statement of facts the plaintiff obtained a judgment, with a lien on the automobile truck here involved, on June 25, 1927. This judgment ran against the defendant Bennie Parker, in an attachment suit to enforce a mechanic's lien on the truck. We know of no law which would authorize the justice of the peace, rendering the judgment, to open, set aside, or vacate this judgment on June 28th or three days later. So that, except for certain rights of review by appeal, certiorari, and kindred remedies, a judgment rendered by a justice of the peace, is final on and after the adjournment of his court. 35 Corpus Juris, 678 (308).

Where, as in this case, the justice opened, or attempted to open the judgment on June 28th and on August 8th such acts were void. It is laid down as a general rule, to which we find no exceptions, that, where a justice opens a judgment without authority to do so, all proceedings subsequent to the entry of the original judgment are void. 35 Corpus Juris, 679 (308).

There are cases decided by our Supreme Court which seem to hold that section 6898 of the Code of 1923 is a protection to judgment creditors without a lien, such as Hall & Farley, Trustees, v. Griffin, 119 Ala. 214, 24 So. 27, and Griffin et al. v. Hall & Farley, Trustees, 129 Ala. 289, 29 So. 783, while other cases, notably Sparks v. Weatherly, 176 Ala. 324, 58 So. 280, and Danner et al. v. Crew, 137 Ala. 617, 34 So. 822, seem to be authority for the contention that a judgment without a lien is not so protected by the recordation statutes. As we see this case, the distinction is of no moment, as we hold that the plaintiff held a judgment, with a lien on the property levied on.

It follows from the above that the retention title contract under which claimant claims title, not having been recorded in Morgan county within three months after the removal of the truck into that county, is void as to the judgment of plaintiff. Pulaski Mule Co. v. Haley et al., 187 Ala. 533, 65 So. 783, Ann. Cas. 1916A, 877; Gober Motor Co. et al. v. Valley S. Co., 23 Ala. App. 290, 124 So. 395.

In the Pulaski Mule Co. Case, supra, the Supreme Court has pointed out the distinction between sections 6898 and 6890 of the Code of 1923, and has done it so clearly that no further comment from us is necessary.

The lien of plaintiff on the truck being paramount to that of claimant, the trial court did not commit error in rendering judgment for plaintiff.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.