# Johnson *v.* Hughes.

*Statutory Claim Suit for Wagon and Yoke of Oxen.*

1.   *Registration of mortgage on property removed from another State.* When personal property is brought into this State subject to a mortgage, which has been duly executed and recorded in another State, and

[Johnson v. Hughes.]

such mortgage is duly recorded here within four months after the removal of the property (Code, §§ 1807, 1814), its lien is superior to that of an attachment levied on the property prior to such registration.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellants in this case, J. J. & J. E. Johnson, as partners, sued out an attachment before a justice of the peace, on the 26th November, 1888, against the estate of R. J. Commander; and it was levied on a wagon and yoke of oxen. A claim to the property was thereupon interposed by J. E. Hughes, and bond given to try the right of property. On the trial before the justice, he rendered judgment for the plaintiffs, and the claimant took an appeal to the Circuit Court. On the trial in that court, it appeared that the claimant relied on a mortgage executed to him by said Commander, on the 3d March, 1888, in Florida, and which was there legally proved and recorded. It was admitted that this mortgage "was duly recorded in said Geneva county, within four months after the property was brought into this State, but after the levy of plaintiffs' attachment, and that plaintiffs had no notice of it at the time of their attachment." On these facts, the court charged the jury, that they must find for the claimant, if they believed the evidence. The plaintiffs excepted to this charge, and they here assign it as error.

M. E. MILLIGAN, for appellant.

C. H. LANEY, contra.

CLOPTON, J.—The sole question in this case is, whether a mortgage to which personal property is subject at the time of its removal to this State, and which has been recorded in the proper county within four months after the arrival of such property, has a lien superior to the lien of an attachment levied before the mortgage is recorded. The mortgage of claimant having been duly executed and acknowledged according to the laws of Florida, where it was made, and recorded in that State, is an operative security though the property is brought into this State, unless it becomes inoperative by our law. The consequence of an omission to record a mortgage depends upon the terms of the statute, which makes registration necessary for the protection of creditors and purchasers.—*Beale v. Williamson*, 14 Ala. 55.

[Keith & Son v. Ham.]

Section 1807 of the Code provides, "Whenever any personal property is subject to any lien, incumbrance, mortgage, or trust for the security of debts, at the time of its removal to this State, the writing evidencing the lien, incumbrance, mortgage or trust, must be recorded in the county into which it is brought, within four months of the arrival of such property." And section 1814 declares: "Conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded, unless the property is brought into this State subject to such incumbrance, in which case four months are allowed for the registration of the conveyance." By the terms of the statute, a mortgage to which personal property is subject when brought into the State, is excepted from the general provision declaring mortgages of personal property inoperative against creditors and purchasers until recorded. It does not become inoperative, unless there is a failure to record it within four months after the arrival of the property. If so recorded, the lien which it had in the State where it was made, is preserved and continued, and has priority of the lien of an intervening attachment.

On the admitted and undisputed facts, that claimant's mortgage was duly executed and acknowledged according to the laws of Florida, and was there recorded, and was recorded in the county in this State into which the property was brought, within four months thereafter, the court did not err in giving the affirmative charge in favor of claimants.

Affirmed.