In re DANCY HARDWARE & FURNITURE CO.

In re STOUGHTON WAGON CO.

(District Court, N. D. Alabama, W. D. August 14, 1912.)

No. 222.

1. CARRIERS (§ 74*)—RIGHTS OF SELLER—STOPPAGE IN TRANSITU—LOSS OF RIGHT.

Where merchandise, sold to a bankrupt by a contract of conditional sale was shipped, and, with the consent of the seller's agent, delivered to the bankrupt, which gave a check to the carrier for the freight, the fact that when the check was dishonored the carrier again took possession of the property in an attempt to reinstate its lien for freight was not an exercise of the right of stoppage in transitu, which inured to the benefit of the seller, but the carrier held the property as bailee of the bankrupt.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 245–250; Dec. Dig. § 74.*]

2. BANKRUPTCY (§ 184*)—CONDITIONAL SALES—RIGHT OF TRUSTEE TO AVOID —ALABAMA STATUTE.

Under Code Ala. 1907, § 3394, which requires contracts of conditional sale under which property is brought into the state to be recorded within three months thereafter, and provides that otherwise the condition shall be void "against * * * judgment creditors without notice," as construed by the Supreme Court of the state, the failure to record renders the condition void as to judgment creditors whose debts were contracted or judgments obtained after the delivery of the property, whether or not they have acquired an execution lien, and this although they may have had actual notice within the three months, but after their judgments were obtained. Applying the principle of such decisions, the intervention of the bankruptcy of the purchaser within the three months does not dispense with the necessity of recording the contract, and where it is not recorded the trustee in bankruptcy, by virtue of Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which provides that "such trustees as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon," succeeds to the rights of such a judgment creditor and may avoid the contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In the matter of the Dancy Hardware & Furniture Company, Bankrupt. On petition of the Stoughton Wagon Company to reclaim certain property. Petition denied.

Harsh, Beddow & Fitts, of Birmingham, Ala., for petitioner.
Brown & Murphy and J. E. Robinson, all of Birmingham, Ala., for trustee in bankruptcy.

GRUBB, District Judge. Petitioner sold wagons to the bankrupt under a contract by which title was retained by it until the purchase money was paid, and which, under the Alabama law, would be construed to be a conditional sale. The wagons came into Alabama from without the state, and were delivered to the bankrupt on or about

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

October 9, 1911, and remained in its possession until after the filing of the petition in bankruptcy, which occurred on December 19, 1911, and were then taken possession of by the receiver in bankruptcy. The instrument containing the condition reserving title was never recorded as required by section 3394 of the Civil Code of Alabama of 1907, and at the time of the hearing before the referee three months or more had expired since the property came into the state subject to the condition.

[1] The petitioner upon that hearing contended that it was entitled to the wagons because it had exercised its right to stop them in transit before the petition was filed. The evidence, however, shows that the wagons were delivered to the bankrupt after their arrival by the carrier with the consent of the petitioner's agent, and that a check was given the carrier by the bankrupt for the freight charges, and that, the check having been dishonored, the carrier attempted to retake possession to protect its lien for unpaid freight. There was no exercise of the right to stop in transit by the petitioner. The carrier, by surrendering possession to the bankrupt, waived its lien for freight, and, when it repossessed itself of the property, held it as bailee of the bankrupt.

The petitioner also contended that the original contract for sale had been modified or rescinded subsequent to the delivery of the wagons; but the evidence clearly showed that negotiations to that end never resulted in any new agreement between the parties, and that the original sale agreement was the one in force at the time the petition in bankruptcy was filed.

[2] The other question presented by the review is whether, under the Alabama law, a failure to record a conditional sale contract until after the expiration of three months from the time the property subject to the condition came into the state avoids the condition in favor of the trustee in bankruptcy of the buyer, though at the time bankruptcy intervened the property had not been within the state for the full period of three months allowed by the statute for that purpose. Section 3394, Civil Code of Alabama 1907, is as follows:

"All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until the payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition, void against purchasers for a valuable consideration, mortgagees and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also in the county in which said property is delivered and remains; and if, before the payment of the purchase money or sum or value stipulated, the property is removed to another county, the contract must be again recorded, within three months from the time of such removal, in the county to which it is removed; and if any such property is brought into this state while subject to such condition, the contract of sale, lease, hire or rent must within three months thereafter, be recorded in the county into which the property is brought and remains, and all local or special laws in conflict herewith are expressly repealed."

The questions are: (1) What class of creditors are entitled to complain of the want of record under the section of the Code quoted? (2) Under the amendment of June 25, 1910, to section 47 of the Bankruptcy Act, does the trustee acquire the rights of the class of creditors en'itled to so complain? And (3) is the requirement of record within three months after the property subject to the condition comes into the state dispensed with when bankruptcy intervenes pending the three months?

The Supreme Court of Alabama has construed the words "judgment creditors without notice" of the statute to include creditors who have obtained a judgment but have not secured a lien by the issuance or levy of an execution. Wood v. Lake, 62 Ala. 489. Judgment creditors, therefore, include both creditors having and those without an execution lien. The Supreme Court of Alabama has also held that the judgment creditors of the statute are subsequent creditors (Chadwick v. Carson, 78 Ala. 116); that is, either those whose debts were contracted or whose judgments were obtained after the making of the incumbrance or conveyance, of the want of record of which complaint is made. No other creditors than those who extended credit after the property had been delivered to the vendee and the conveyance or incumbrance executed could have been misled into giving credit upon the apparent ownership of the conditional vendee. The evidence showed that in this case there were creditors whose claims were incurred by the bankrupt after the property conditionally sold to the bankrupt came into the state and was delivered to the bankrupt, and after the conditional sale had been made to it, and who may have extended credit on the faith of the bankrupt's ownership of the wagons.

Reservation to the bankrupt of the right to resell the property conditionally purchased and placed in his possession (the retention of title in the vendor being to secure the balance of purchase money) would not under the Alabama decisions render the conditional retention of title void. Adkins v. Bynum, 109 Ala. 281, 19 South. 400; Cox v. Birmingham Dry Goods Co., 125 Ala. 320, 28 South. 456, 82 Am. St. Rep. 238. It could be avoided by creditors only upon the idea that the instrument creating the condition should have been and was not recorded within three months after the property came into the state, subject to the condition; and on that ground only by judgment creditors without notice, with or without an execution lien, whose claims were contracted or judgments obtained after the conditional sale was made and the property came into the state and into the possession of the bankrupt subject to the condition.

2. Does the trustee in bankruptcy, under the Amendment of June 25, 1910, acquire the right of such creditors to complain of the want of record? It is clear that he could not have done so prior to the amendment. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Crucible Steel Co. v. Holt, 174 Fed. 127, 98 C. C. A. 101, affirmed 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756. The language of the amendment is:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon."

One of the purposes of the amendment was to confer on trustees in bankruptcy the same right to avoid secret unrecorded liens as the creditors would have had under the state laws, had not the bankruptcy intervened and the exercise of which they are deprived of by the bankruptcy proceeding. The rights of creditors to avoid unrecorded liens, which the bankruptcy act confers on trustees, are to be determined by the laws of the particular state requiring the record. The act was intended to give to the trustee the rights, remedies, and powers of each and all classes of creditors who are clothed by the recording statutes of the states, as construed by their courts, with the right to avoid such secret and unrecorded liens or conveyances. The laws of Alabama and the amendment of June 25, 1910, to the Bankruptcy Act determine the right of this trustee to set aside this conditional sale for want of record. If a creditor holding a lien by legal or equitable proceedings on the wagons had the right under the laws of Alabama to avoid the condition, then the trustee, being by the amendment to the Bankruptcy Act vested with the rights, remedies, and powers of such a creditor, has the same right to avoid the condition.

The Alabama statute confers on all subsequent judgment creditors without notice the right to avoid an unrecorded conditional sale. A creditor with a lien by execution is a judgment creditor under the Alabama recording act, and is also a creditor holding a lien by legal proceedings under the Bankruptcy Act, and would therefore be entitled to avoid the condition of an unrecorded conditional sale contract under the state statutes. There were subsequent creditors at the time of the filing of the petition in this case, whom the trustee represents. They are presumed to have had no actual notice of the unrecorded condition, in the absence of evidence to the contrary; the burden being on the petitioner to show such notice. The trustee by the express language of the Bankruptcy Act has the potential rights in this respect of a creditor holding a lien by legal proceedings. It is not necessary to his right that there should, in fact, have been such lien creditors when the petition was filed.

This is the construction put upon the amendment by most of the District Courts which have passed upon it. The Supreme Court has not as yet construed the amendment, so far as I have been able to ascertain. The only District Court which has given the amendment a different interpretation is that of the Western District of Kentucky in the case of In re Lausman (D. C.) 183 Fed. 647. The District Court of the Eastern District of Kentucky, however, has taken a contrary view of the amendment in Re Kreuger, 199 Fed. 367. In re Hartdagen (D. C.) 26 Am. Bankr. Rep. 532, 189 Fed. 546; In re Franklin Lumber Co. (D. C.) 26 Am. Bankr. Rep. 37, 187 Fed. 281; In re Gehris-Herbine Co. (D. C.) 26 Am. Bankr. Rep. 470, 188 Fed. 502; In re Geiver (D. C.) 193 Fed. 128; In re Nelson (D. C.) 27 Am.

Bankr. Rep. 272, 191 Fed. 233; In re Waite-Robbins Motor Co. (D. C.) 192 Fed. 47; In re Williamsburg Knitting Co. (D. C.) 27 Am. Bankr. Rep. 178, 190 Fed. 871; In re Bazemore (D. C.) 26 Am. Bankr. Rep. 494, 189 Fed. 236; In re Calhoun Supply Co. (D. C.) 26 Am. Bankr. Rep. 528, 189 Fed. 537.

It is contended by petitioner that the necessity for complying with the provision of the Alabama Code, requiring the record of conditional sale contracts within three months after the property subject to the condition is brought into the state, was dispensed with in this case by the intervention of bankruptcy before the expiration of the three months. This question is ruled by the case of Winston v. Hodges, 102 Ala. 304, 309, 15 South. 528, 529. In that case the Supreme Court of Alabama said:

"The evidence on the question of notice is by the plaintiff, Hodges, who testified that he gave the plaintiff in execution personal notice of his purchase from James G. Coleman, 'a week after, but inside of 2 weeks,' from the date of his deed from Coleman. The judgment was rendered three days subsequent to the execution of the deed, and 'inside of 2 weeks' is less than 30 days. Section 1810 of the Code declares that 'conveyances of unconditional estates * * * are void as to purchasers for a valuable consideration, mortgagees and judgment creditors, having no notice thereof, unless recorded within 30 days from their date.' The judgment was rendered before notice, but within less time than 30 days. It is argued that the purpose of registration is to give notice, and actual notice is always at least the equivalent of constructive notice by registration. The conclusion deduced therefrom is that, as registration of the conveyance within 30 days from its date under the statute would render it superior to any rights of purchasers, mortgagees, and judgment creditors acquired at any time during the 30 days before registration, so personal notice given at any time during the 30 days allowed for registration would relate back and have the same effect as registration. We do not think the statute, in terms or in spirit, admits of this construction. If John G. Winston & Co., on the 23d day of February, instead of obtaining a judgment, had purchased the land from James G. Coleman, and paid him the purchase money, and received a deed to the land, personal notice by Hodges of his prior purchase subsequently given to John G. Winston & Co., although within the 30 days, would not invalidate to their purchase. The statute expressly provides that conveyances not recorded are void as to purchasers for a valuable consideration, unless recorded within 30 days. Judgment creditors with or without a lien by the terms of the statute stand on the same footing as purchasers for a valuable consideration. This construction better accords with justice, as in harmony with the spirit of our previous decisions, and we believe to be the express purpose of the Legislature. De Vendell v. Hamilton, 27 Ala. 156, supra; Tutwiler v. Montgomery, 73 Ala. 263; Wood v. Lake, 62 Ala. 489; Watt v. Parsons, 73 Ala. 202; Chadwick v. Carson, 78 Ala. 116. The trial court held differently, and in this respect erred."

It seems quite clear that, if actual notice to the judgment creditor of the unrecorded conveyance within the 30 days given for record would not dispense with the necessity of recording the conveyance, after such actual notice was given and within the 30 days, the intervention of bankruptcy during the period given the vendor for recording the conditional sale contract would not excuse its failure to record during the required period. Actual notice would seem to displace, as to the person having such notice, the necessity for complying with a recording statute, the effect of which at most would be to give con-

structive notice of the same fact to the person having actual notice. The Supreme Court of Alabama, construing its own statute, has held otherwise upon the ground that the *statute expressly provides* that conveyances not recorded are void as to purchasers for a valuable consideration *unless* recorded within 30 days. The same reasoning would avoid conditional sales of property which is out of the state, unless they are recorded within 3 months after the property subject to the condition is brought into the state. If the statute is so exigent as to require the recording within the statutory period as to one who has actual notice, even after he has received such notice, it is clear that it would also require record within the required period, though bankruptcy intervened before its expiration.

The practical necessity for record is equally hard to discover in each case. The only justification for enforcing the requirement in either case is in the literal language of the statute, which admits of no exceptions and is to be strictly followed. The Alabama court held that the actual notice given to the judgment creditor would not relate back, though given within the 30 days, unless the conveyance was also recorded within that time. So the intervention of bankruptcy cannot relate back to the time the property subject to the condition came into the state, so as to cut off the rights of creditors who may have extended credit on the faith of the bankrupt's apparent ownership of the property between its delivery to the bankrupt and the filing of the petition in bankruptcy. All the cases relied on by petitioner are cases in which the instrument was *in fact recorded within the statutory period,* though after rights adverse to the instrument had accrued. The court in each case emphasizes this fact. In such cases the recording of the instrument relates back to the date of its execution by the terms of the statute. Johnson v. Hughes, 89 Ala. 588, 8 South. 147; Brandon Printing Co. v. Bostick, 126 Ala. 247, 28 South. 705. On the contrary, when there has been no record within the statutory time, the Supreme Court of Alabama, construing the language of the statute, has expressly decided that there is no relation back, that the statute makes no exception to the requirement, and the court cannot do so. The federal court will follow the construction placed on the Alabama statute by the court of last resort of that state.

For the reasons given, the petition to reclaim is denied, at the costs of the petitioner.