### In re UNDERWOOD & DANIEL.

(District Court, N. D. Georgia.   May 30, 1914.)

No. 648.

1. **SALES (§ 43\*)—FRAUDULENT INTENT—RESCISSION—RECLAMATION OF GOODS.**
    Where a seller is induced to make a sale by the buyer's fraudulent representations, such representations amount to fraud in law, which avoids the sale and entitles the seller to rescind.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 86–92, 97–100; Dec. Dig. § 43.\*]

2. **BANKRUPTCY (§ 138\*)—SALES—RESCISSION—FRAUD—PURCHASE PRICE—RETURN.**
    Where a seller of goods to a bankrupt elected to rescind the sale for fraud, it was not bound to return to the bankrupt's trustee the amount paid on the price by the bankrupt, when the amount required so to be paid would be greater than the value of the goods returned.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193–204, 206, 209; Dec. Dig. § 138.\*]

In Bankruptcy.   In the matter of bankruptcy proceedings of Underwood & Daniel.   Application by the M. C. Kiser Company to reclaim certain goods alleged to have been sold to the bankrupt through fraud. Granted.

F. L. Eyles, of Atlanta, Ga., for intervener.

M. U. Mooty, of La Grange, Ga., for bankrupts and for trustee.

NEWMAN, District Judge.   The referee found in this case that certain goods bought by the bankrupt from M. C. Kiser Company were sold and delivered because of certain false representations made by the bankrupt firm to the Kiser Company.

[1] The only matter that needs consideration in the case is whether the referee, having found that the statement made by the bankrupts to the Kiser Company was untrue, and that the Kiser Company was misled by it, and that a legal fraud was committed, and the Kiser Company parted with their goods by reason of it, was correct in the further finding that it was not necessary for the statement to have been made with fraudulent intent to entitle the intervener to reclaim the goods.   If this view of the referee is correct, then I think his finding

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is correct, because the findings on the facts seem to be sufficiently supported by the evidence.

In Newman v. Claflin Co., 107 Ga. 89, 32 S. E. 943, the Supreme Court of Georgia held as follows:

"When a vendee of personal property makes a material representation, which is false, and upon which the vendor is induced to act to his injury by parting with possession of his goods, such a misrepresentation amounts to a fraud in law, which voids the sale, and equity may rescind the contract and restore the parties to their original rights, although the party making such misrepresentation was not aware that his statement was false."

In Mashburn & Co. v. Dannenberg Co., 117 Ga. 567, 44 S. E. 97, it was held that representations as to financial standing and worth, made to induce a sale on credit, when acted upon by the seller to his injury, will, if untrue, constitute such a fraud as will void the sale, at the option of the seller, though the buyer did not know they were false.

These decisions seem to me to be controlling in the matter, as the law of Georgia is applicable to the case.

[2] I do not see how the Kiser Company could be required to pay back to the trustee in bankruptcy the amount paid by the bankrupt on account of the purchase of the goods, when, according to the record here, the amount required to be paid would be greater than the value of the goods received.

I think the referee decided the case correctly, and his action is approved and confirmed.