### In re COLLINS.

#### (District Court, M. D. Alabama, S. D.   May 24, 1917.)

#### No. 351.

1. SALES ☞45—FRAUD—DISAFFIRMANCE.

When one not intending to pay induces the owner to sell him goods on credit by fraudulently concealing his insolvency and his intent not to pay for them, the seller may, if no innocent third party has acquired an interest in the goods disaffirm the contract and recover the goods on account of the fraud; the seller's rights being superior to the lien of a judgment creditor of the buyer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 94.]

2. BANKRUPTCY ☞140(2)—RIGHT OF TRUSTEE—STATUTE.

Despite Bankr. Act July 1, 1898, c. 541, § 47a, cl. 2, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1916, § 9631), which declares that trustees shall collect and reduce to money the property of the estates for which they are trustees, and shall as to all property in the custody, or coming into the custody of the bankruptcy court, be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, the trustee is not as to property which the bankrupt purchased with the fraudulent intention of not paying therefor, an innocent third party, and hence the seller may disaffirm the contract and reclaim the property; the lien of a judgment creditor being inferior to the rights of the seller.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 219.]

3. BANKRUPTCY ☞140(2)—FRAUD—EVIDENCE.

On a petition in bankruptcy by a seller to reclaim goods sold a bankrupt, evidence *held* to show that the bankrupt secured the goods through fraud, knowing his inability to, and not intending to, make payment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 219.]

4. SALES ☞45—FRAUD—WHAT CONSTITUTES.

An insolvent, who purchased goods without any intention or expectation of paying therefor, is guilty of fraud, though he made no representations as to his ability to pay, for one who buys on credit impliedly represents that he is or will be able to pay.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 94.]

In Bankruptcy. In the matter of the bankruptcy of B. A. Collins. Petition by the H. M. Hobbie Grocery Company for review of an order of the referee denying reclamation of certain merchandise sold the bankrupt. Petition for review granted, and reclamation allowed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Weil, Stakely & Vardaman, of Montgomery, Ala., for claimant.
Farmer & Farmer, of Dothan, Ala., for trustee.

HENRY D. CLAYTON, District Judge. This matter comes before the court upon the petition of the H. M. Hobbie Grocery Company, of Montgomery, for a review of the order of the referee denying its right to reclaim certain goods, which it alleges the bankrupt fraudulently induced it to sell him shortly before the filing of the voluntary petition in bankruptcy by him.

[1, 2] At the threshold of the matter we are confronted with the insistence of counsel for the trustee of the bankrupt that section 47a, clause 2, of the Bankruptcy Act, as amended in 1910, prevents the maintenance of reclamation proceedings against the trustee of a bankrupt, by a seller of merchandise to the bankrupt, when the sale was induced and procured through the fraud of the buyer. The court is unable to agree to this contention. The doctrine is well established that a party—

"not intending to pay, who induces the owner to sell him goods on credit by fraudulently concealing his insolvency and his intent not to pay for them, is guilty of a fraud, which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods." Donaldson, Assignee, v. Farwell, 93 U. S. 631, 23 L. Ed. 993.

But the amendment of 1910 to section 47a, clause 2, of the Bankruptcy Act, does not put the trustee in the position of a bona fide purchaser for value. He is not an "innocent third party." The amendment gives him only the rights of a lien creditor. In re Appel Suit & Cloak Co. (D. C.) 198 Fed. 322, 28 Am. Bank. Rep. 818. And under the laws of Alabama the vendor's right to rescind the sale and recover the property, where he was induced to make the sale by the fraud of the buyer, is superior to the lien of a judgment creditor and enforceable against all except bona fide purchasers for value. McKensie v. Rothschild, 119 Ala. 421, 24 South. 716. In that case McKensie had attached the goods of one Blumberg, the sale of which goods Blumberg had fraudulently induced Rothschild to make, and the court held very properly that Rothschild was entitled to recover the goods even though McKensie, the judgment creditor of Blumberg, had levied an attachment on the goods. Reclamations for fraud have been maintained in Re Underwood & Daniel (D. C.) 215 Fed. 279, in the case of Re Hansley & Adams (D. C.) 228 Fed. 564, and other cases decided since the amendment to section 47a, clause 2, of the Bankruptcy Act, and the right of the defrauded creditor to maintain the reclamation upon proper proof does not appear to have been questioned.

[3] We are thus brought to a consideration of the facts of this case. The court has made a careful examination of all the testimony in the case, and is satisfied that the claimant has proved the allegations of its petition. The testimony as to the identity of the goods is sufficient, though it is true that the bankrupt, Collins, testifies that to the best of his knowledge he bought the tobacco sought to be reclaimed from the American Tobacco Company, and not from the Hobbie Grocery Company. However, it is a significant fact that, when the bankrupt, Collins, filed his schedules in bankruptcy, a short time after the alleged

purchase from the American Tobacco Company, he did not schedule them as a creditor, nor does it appear that he ever paid them anything. The Hobbie Grocery Company is scheduled as a creditor, and the testimony is convincing that this firm sold the bankrupt the goods now sought to be reclaimed.

According to the summary of debts and assets, filed by the bankrupt as a part of his sworn petition, it appears that the bankrupt owed debts to the amount of $9,893.46, and that his assets amounted to $4,595. The petition was filed December 17, 1916, and the goods were delivered to the bankrupt 10 days before (on December 7th) on his order given November 27, 1916. No change for the better appears to have taken place in the bankrupt's financial condition during that time; indeed, it seems to have become worse, and it is clear that the bankrupt was hopelessly insolvent when he ordered and received the goods. And, considering the conduct of the bankrupt at the time the order for the goods was given the salesman of the Hobbie Grocery Company, and the other evidence in the case, the court is satisfied that the bankrupt had no intention, or reasonable expectation, of paying for the goods, and that he did not disclose his financial condition to the seller, but, on the other hand, willfully misled the Hobbie Grocery Company as to his condition, and deceived them into the belief that their bill would be discounted upon delivery of the goods.

[4] The following remarks of Justice (afterwards Chief Justice) McClellan, in delivering the opinion of the court in the case of Maxwell v. Brown Shoe Co., 114 Ala. 304, 21 South. 1009, may be aptly quoted in regard to the facts of the instant case:

"One who comes to buy goods on a credit impliedly represents that he is or will be able to pay for them, and that he intends to pay for them, and he impliedly promises to pay for them; and he knows that the seller parts with them on the faith of these implied representations and this implied promise. If in fact he intends not to pay for them, * * * and is insolvent or in failing circumstances, so that payment cannot be coerced, he deceives the seller and practices a fraud upon him in the very act of purchasing his property. The purchase itself being a representation that the buyer intends to pay the price, to so represent or profess by the act of purchasing when in truth he intends to do the contrary, 'is as clear a case of misrepresentation and of fraud as could be made.' Bigelow on Frauds, 484; Swift v. Rounds [19 R. I. 527, 35 Atl. 45] 33 L. R. A. 561 [61 Am. St. Rep. 791]. Obviously there need be no misrepresentation by word of mouth, and no affirmative concealment, so to speak, of the purchaser's insolvent condition, or of his intention not to pay, or of his want of reasonable expectation of being able to pay. If these facts exist, and are not disclosed, the seller, proceeding, and known by the purchaser to be proceeding on the assumption of their nonexistence, or, in other words, on the assumption that the purchaser is solvent and intends and reasonably expects to pay, is deceived and defrauded. * * * A sale and purchase of goods is fraudulent and open to disaffirmance by the seller, when the purchaser was at the time thereof insolvent, or in failing circumstances, and had the design not to pay for them, or had no reasonable expectation of being able to pay for them, and either represented that he was solvent, or intended to pay, or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or the fact that he did not intend to pay, or expect to be able to pay, for the goods."

An order will be made granting the petition for review and allowing the reclamation.