(94 South. 365)

### McNEILL v. MOTOR SALES CO.
### (4 Div. 10.)

(Supreme Court of Alabama.   Oct. 26, 1922.)

1. Chattel mortgages ⬉139 — As respects bona fide mortgagee in state, conditional seller must either record his contract or repossess the chattel within three months after chattel sold is removed into state.

Under Code 1907, § 3394, as amended by Acts 1911, p. 115, providing that, where property conditionally sold is brought into the state, the conditional sale contract, to be good as against mortgagees without notice, must be recorded in the county into which the property is brought and remains, held, that, where a conditionally sold automobile was, on the day it was sold, brought into a county in the state and mortgaged, and the mortgage immediately recorded, and thereafter the automobile remained in that county without record of the sale contract, the question became material whether the vendor had repossessed the car within the three months' period.

2. Evidence ⬉12—Judicial notice taken of population of county.

The court will take judicial notice that Houston county between October 6, 1919, and February 6, 1920, had less than 80,000 inhabitants.

:3. **Chattel mortgages** ⬤═▷157(3) — **Whether conditional seller took possession of automobile within three months after removal into state held for jury.**

Where conditional seller of automobile, whose contract was not recorded, as required by Code 1907, § 3394, as amended by Acts 1911, p. 115, within three months after removal of the car into the state sued mortgagee of the car in detinue, *held* that, on conflicting evidence as to whether plaintiff repossessed the car within the three months' period, it was error to give the affirmative charge for plaintiff.

Appeal from Circuit Court, Houston County; H. A. Pearce; Judge.

Action in detinue by the Motor Sales Company against A. B. McNeill. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Lee & Tompkins, of Dothan, for appellant.

If plaintiff did not take possession of the car, and his contract was not recorded within 30 days after removal of the car to Alabama, the contract was void, and plaintiff was not entitled to recover. 3 Ala. App. 634, 57 South. 122; 187 Ala. 533, 65 South. 783, .Ann. Cas. 1916A, 877; Code 1907, § 3394; 102 Ala. 304, 15.South. 528; 87 South. 923.

Oscar S. Lewis, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. In detinue the judgment was for plaintiff. The verdict of the jury was as required in such a case. Gwin v. Emerald Co., 201 Ala. 384, 78 South. 758. The suit was brought on January 22, 1920. Former appeal reported as Motor Sales Co. v. McNeill, 18 Ala. App. 132, 89 South. 89.

The car in question was bought from plaintiff by F. A. McNeill on October 6, 1919, in Columbus, Ga., and brought to this state and the county of Houston, where a mortgage was given thereon to A. B. McNeill on October 6, 1919. The conditional sales agreement was duly recorded in said county on February 6, 1920. The mortgage to appellant and the amount due under the conditional sales agreement were unpaid when suit was instituted and at the trial.

[1, 2] The conditional sales contract retaining title was not recorded within three months after the removal of the car from Georgia to Houston county, in this state, Code, § 3394, as amended by Acts 1911, p. 115; Gayle Motor Co. v. Gray-Acree Motor Co., 206 Ala. 586, 90 South. 334. Nor was this suit brought for the possession of the car and its seizure within three months from the date of its removal to the state and the execution of the mortgage to appellant. We

take judicial knowledge that at and during the time in question Houston county had less than 80,000 inhabitants, its population being 37,334 according to the last federal census. Ala. Official & Statistical Reg. p. 268. Hence the instant contract was not within the exception contained in the last clause of Acts 1911, p. 116, amending Code, § 3394.

The instant conditional sale, by the terms of which the vendor retained title to the car until payment of the purchase money, and by and under which the purchaser obtained its possession is within the provision of the amendment of 1911 to Code, § 3394, providing that—

٠ "If any such property is brought into this state while subject to such condition, the contract of sale, lease, hire, or rent, must within three months thereafter be recorded in the county into which the property is brought and remains."

It is without dispute that the property was subject to the conditions of the conditional sales contract, and that it remained in the county of Houston, in this state, to the time of bringing the suit. This fact being undisputed, and that the contract was not recorded within three months from the date of the removing of the car from the state of Georgia to Houston county, in this state, it was a material fact to be ascertained on the trial whether it was repossessed by the vendor within three months from the time the same was brought into Houston county.

[3] On the former appeal it was recited that:

"In November, 1919, after default had been made by F. A. McNeill in the payment of the money due under the retention title agreement, the plaintiff [Motor Sales Company, appellee here] took possession of the automobile under the power contained in the agreement. After plaintiff took possession of the automobile, A. B. McNeill, acting under his mortgage, took possession of the car, and claims the same under the terms of his mortgage."

A careful examination of this evidence shows tendencies from which the jury may have inferred a material departure from foregoing statement of fact of repossession of the car by the Motor Sales Company within three months from the date of its removal to the state and Houston county. The contracting seller was authorized to repossess the same for failure of full payment, pursuant to the terms of contract, and, if so repossessed, came within the influence of Pulaski Mule Co. v. Haley & Koonce, 187 Ala. 533, 65 South. 783, Ann. Cas. 1916A, 877. If there are conflicting inferences in evidence that may be drawn by the jury, the general affirmative charge should not be given. McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

---

⬤═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We are of opinion that the trial court improperly gave the affirmative charge for plaintiff.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes