### In re WALDEN.

District Court, M. D. Alabama, E. D. January 28, 1929.

Page 407

Ball & Ball, of Montgomery, Ala., and Dickinson & Dickinson, of Opelika, Ala., for petitioner.

Samford & Samford, of Opelika, Ala., for trustee.

CLAYTON, District Judge. Walden, the bankrupt, was a retail druggist, and owned and operated one store at Opelika, in Lee county, Ala., where he resided, and another at Tallassee, in Elmore county. The Liquid Carbonic Corporation of Chicago, Ill., on June 5, 1928, sold to him the soda fountain and accessories here involved on the ordinary installment plan, taking his notes, maturing at different intervals, for the payment of the purchase money, and at the same time taking a written contract retaining the title to the property until all the installments or notes should be paid, as they matured. The outfit, as it was agreed upon at the time of the sale, was shipped from Chicago, Ill., and Walden paid the freight thereon, but has paid only $393.94 on the notes or indebtedness. The total amount to be paid by Walden was $1,575.75. The conditional sale contract was recorded in the county of Elmore, where the property was "brought and remains," and where the same has been ever since it was shipped into the state.

This involuntary proceeding in bankruptcy was instituted on September 5, 1928, and the fountain and accessories were then taken into possession by the trustee. The Liquid Carbonic Corporation interposed its claim to the property upon the ground that the sale thereof was on the installment plan, and that a written contract with reservation of title was entered into. And it is without dispute that this contract was timely recorded, as provided by section 6898 of the Code of Alabama, in the county of Elmore, into which the property was "brought" and where it "remains."

The trustee resists the claim of the vendor upon the ground that the contract was not recorded in Lee county, where the bankrupt resided. It is without dispute that the contract was not there recorded. Section 6897 of the Code (Civil) of Alabama of 1923, relates to the recordation of contracts for the conditional sale of railroad rolling stock. Section 6898 is here set out. The text, including punctuation, is not departed from, but for the purpose of analyzing the several provisions of the statute, the numerals (1), (2), (3), and (4) are employed:

(1)

"6898. * * * *Conditional sales, leases, etc., to be recorded.*—All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent, or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition void against purchasers for a valuable consideration, mortgagees, landlords with liens and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains:

(2)

and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed;

(3)

and if any such property is brought into this state while subject to such condition, the contract of sale, lease, hire, or rent, must within three months thereafter be recorded in the county into which the property is brought and remains;

(4)

but in counties having according to the last federal census, or according to any succeeding federal census, a population of more than eighty thousand inhabitants, such contracts of less than two hundred dollars in amount need not be filed for record as provided in this section."

It is apparent, I think, that the first clause, numbered (1) above, was designed to compel the vendor of property situated in any particular county of the state, in order to retain the title, to record the conditional sale contract in the county in which the vendee "resides, and also in the county in which such property is delivered and remains." The purpose of the second clause, (2), was to cover property in a different situation; that is, where the property was removed from the county of the vendee's residence to another county before the payment of the purchase money, and in the event of such removal, the contract "must be again recorded within three months from the time of such removal, in the county to which it is removed." The third clause, (3), is to meet still another or a different situation from that covered in the two foregoing clauses, (1) and (2), and is applicable where the property is brought into the state while subject to the conditional sale contract, and that is the case here; and in such circumstances the instrument "must within three months thereafter be recorded in the county into which the property is brought and remains."

It is significant that this requirement is not followed by the stipulation or the words employed in the first clause, for such clause, (1), specifies that the contract shall be recorded in the county of the vendee's residence; and it is more than significant that this third clause of the statute does not say that the contract shall be recorded "also [in] the county in which such property is delivered and remains," as provided in the first clause, (1), but it is stated in this third clause, in lieu of the words just quoted, that where property is brought into this state subject to a conditional sale contract, such is the case here, the contract shall be "recorded in the county into which the property is brought and remains." I think the third clause, (3), in and of itself, in the light of the circumstances and situation presented in this case, governs the question to be decided, and, furthermore, that it should be considered, so far as the property right of the claimant here is concerned, independent-

ly of the preceding clauses of the statute. In my opinion, as applicable to this case, the statute does not, expressly or by implication, require the contract under the facts adduced to be recorded in the county where Walden, the vendee, resides. For, to emphasize the view expressed, this third clause is not allied with the first, except that it carries the assumption, as does the second and fourth clauses, that the contract is in writing.

Indeed, I think it would require a rather strained construction to hold that the *third* clause of the statute must be construed to be so related and connected with the *first* as to require such contracts, covering property brought into the state, where the party obtaining possession of the property resides in a *different* county from that into which the property is brought and remains, to be recorded in both the county of the residence of the party so obtaining possession, and also in the county where the property is brought and remains, for there can certainly be no good reason for requiring, as the first clause does, *immediate* recordation—to insure protection—in the county of the residence, while *three months* is allowed under the third clause for recording the same instrument in the county where the property is brought and remains. If the party obtaining possession of the property thus brought into the state subject to such retention-of-title contract, resides in the *same* county as that into which the property is brought and remains, then *when* must the instrument be recorded in order to receive protection—immediately, as required by the first clause of the section, or within three months as required by the third clause? If the construction for which the counsel for the trustee contends is adopted, it seems to me that it would render the third clause inconsistent with the first in the situation just stated, and that it would be to graft onto this third clause an addition out of harmony with the legislative intent.

Consistent with the opinion I entertain is the decision of the Supreme Court of Alabama in the case of Brandon Printing Co. v. Bostick, 126 Ala. 247, 28 So. 705. In that case, the property—a typewriter—was sold under a retention-of-title contract made in the state of Tennessee, and shipped from that state into Jackson county, in the state of Alabama. A controversy arose between an attaching creditor and the vendors under the retention-of-title contract. The Supreme Court there said:

"The sale and delivery of the property in this case, according to the evidence, was complete in Nashville on the 5th of August, the day it was shipped as requested by the defendant, and this is the date the notes given for it by the defendant to claimant were made to bear date. The property was afterwards, on the 6th of August, brought into the state and county of Jackson, which entitled the claimants to three months within which to record their contract for protection under the statute. That they thus complied with the statute is not disputed, and the court should have given the general charge as requested by them, and refused a like charge requested by and given for plaintiff."

While the question as to the necessity of recording the instrument in both the county of the residence of the vendor and in the county into which the property was brought, was not considered, it is perfectly clear that the Supreme Court recognized that recordation in the county in which the property was brought, was all that the statute required, and I think that case is decisive of the question here, since this court will, of course, adopt the opinion of the highest court of the state on the construction of a statute of that state. In re Dancy Hardware & Furniture Co. (D. C.) 198 F. 336. Compare McNeill v. Motor Sales Co., 208 Ala. 310, 94 So. 365, and Johnson v. Hughes, 89 Ala. 588, 8 So. 147.

The case of National Cash Register Co. v. Marks (C. C. A.) 13 F.(2d) 628, cited by counsel for the trustee, is not helpful. The only question considered by the court in that case related to the sufficiency of the description of the property as contained in the conditional sale contract.

The last clause, (4), of the statute, being applicable to counties that have a population of more than 80,000 inhabitants, and such contracts of less than $200 in amount need not be filed for record, has no bearing here, for neither Elmore nor Lee county has more than 80,000 inhabitants, and the conditional sale contract here involves an amount much in excess of $200.

It may be well to add, as accepted propositions, that (a) a conditional sale contract covering property in possession of the vendee is required by the Alabama statute to be recorded to be effective against purchasers for a valuable consideration, mortgagees, and judgment creditors without notice; that (b) the trustee, as to property in custody or coming into the custody of the bankruptcy court, is vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceeding; and that (c) the trustee succeeds to the rights of such judgment creditor and may avoid the vendor's retention-of-title contract if the Alabama statute requiring recordation has not been complied with. Amendments of 1910 (36 Stat. 840, § 8), to Bankruptcy Act, § 47a (2); 11 USCA § 75(a) (2); Collier on Bankruptcy, vol. 2, p. 1039; In re Stoughton Wagon Co. (D. C.) 198 F. 336, affirmed (C. C. A.) 201 F. 1023. But under such principles the Liquid Carbonic Corporation's property cannot be made a part of the bankrupt estate and be distributed among the general creditors, because all the facts and circumstances show that the vendor retained its title to the property by having the conditional installment contract "recorded in the county into which the property is [was] brought and remains."

The statute being in derogation of the common law, plain natural justice and equity will not allow the petitioner's property to be taken and distributed among the general creditors of the bankrupt, where, as in this case, the petitioner claimant timely recorded its contract in the county into which the property was brought, when it was shipped into the state, and where it has ever since remained.

There was some contention at the hearing on the part of the petitioner that Walden was guilty of fraud in the purchase of the property, by not disclosing his financial condition; but the testimony does not bear out the contention. The case is not brought within the governing principles recognized in Re Whitewater Lumber Co. (D. C.) 7 F. (2d) 410, and in Re Collins (D. C.) 242 F. 975, affirmed (C. C. A.) 246 F. 431.

Accordingly, the referee's order will be set aside, and decree entered directing that the fountain and accessories be delivered to the petitioner claimant, the Liquid Carbonic Corporation.