## GENERAL MOTORS ACCEPTANCE CORPORATION v. SMITH.
### No. 6126.

United States Court of Appeals for the District of Columbia.
Argued April 6, 1934.

Decided June 11, 1934.

Norman E. Sill, of Washington, D. C., for plaintiff in error.

B. L. Gaskins, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

### PER CURIAM.

This case is here in error to the Municipal Court of the District of Columbia to review a judgment in favor of defendant in error, plaintiff below, in an action to recover the sum of $908.00, with interest, for the alleged conversion of a certain automobile, and other miscellaneous chattels.

It appears that plaintiff Thomas Smith purchased an automobile from the Barry Pate Motor Company, under a contract of conditional sale. Instead of signing his own name to the contract, he signed the name of his brother, Emmet E. Smith, for the reason, as he states, that he had no credit with the motor company. The contract was conveyed to the defendant corporation. Defendant learned for the first time on June 3, 1932, that the automobile was in the possession of the plaintiff, and that Emmet E. Smith, the brother, was not the real party in interest, nor had he authorized the execution of the conditional sale contract. On August 11, plaintiff, on advice of counsel, gave defendant's cashier the sum of $30, as a payment made in the name of Emmet E. Smith. This payment was promptly returned, with the statement that defendant would accept nothing short of the entire balance due on the contract. No tender of the balance due, $329, was ever made. The automobile was sold by defendant at public auction for $325. Expert witnesses fixed the value of the car at that time at $275. Upon this evidence the court rendered a judgment in favor of plaintiff for the sum of $275, from which the case comes here on writ of error.

There is no theory known to the law under which this judgment can be sustained. The plaintiff practiced a gross fraud in procuring the automobile by forging his brother's name to the contract. He attempts to excuse himself by the statement that a sales agent of the Barry Pate Motor Company told him to sign his brother's name to the contract, inasmuch as he himself had no credit with the motor company. This, of course, is not a valid excuse, as the sales agent, if this advice was given, merely became particeps criminis in the perpetration of the fraud.

Upon the discovery of the fraud, whether there had been default in payment or not, defendant corporation would have been justified in rescinding the contract and seizing the car for its protection. "Where a seller is induced to make a sale by the buyer's fraudulent representations, such representations amount to fraud in law, which avoids the sale and entitles the seller to rescind. Where a seller of goods to a bankrupt elected to rescind the sale for fraud, it was not bound to return to the bankrupt's trustee the amount paid on the price by the bankrupt, when the amount required so to be paid would be greater than the value of the goods returned." In re Underwood & Daniel (D. C.) 215 F. 279.

In the instant case the defendant suffered a loss upon the resale of the automobile. To

compel it to pay the plaintiff the appraised value of the property recovered is unconscionable. The plaintiff has absolutely no standing in this case, and instead of being in court attempting to recover on this transaction, he shou'd be returning thanks that he is not in a criminal court answering to the offense committed in forging his brother's name to the sales contract.

The judgment is reversed, with costs.